**Albert L. REISER, Appellant,**

v.

**LONE STAR CADILLAC COMPANY
et al., Appellees.**

**No. 18876.**

United States Court of Appeals
Fifth Circuit.

Jan. 12, 1962.

Henry Clay Scott, Columbus, Ohio, for appellant.

M. R. Irion, Irion, Cain, Cocke & Magee, Dallas, Tex., for appellees.

Before BROWN, WISDOM and BELL, Circuit Judges.

PER CURIAM.

This appeal presents the single narrow question whether the trial judge was entitled to take the plaintiff at his word that he had concluded "the presentation" of his case and that it was his purpose to "close" the case. The only basis for the appeal is that the plaintiff was his own counsel and, now through diligent and able counsel striving to make the best out of a bad situation, he asserts in effect that he, as a party, ought to have been given protection by the court beyond that which a court would owe to one represented by counsel. Of course counsel disavows any such claim but that is what it comes down to.

At the beginning of the trial for patent infringement, the plaintiff undertook to, and did, offer in evidence 158 documentary exhibits. On the basis of them alone, his counsel now concedes that for one or more reasons the plaintiff had failed to make out a case so a judgment for defendant would have been, and was, warranted. During the offer of many of these documentary exhibits, the plaintiff as his own spokesman (and untutored in the ways of the courtroom) engaged in the natural practice of interlarding his own comments, statements and arguments as to the proper meaning, effect and purpose of such documents. In response to objections by defendant against the plaintiff "testifying" at that stage of the proceedings, the court admonished the plaintiff a number of times

that such matters had to be proved by testimony of witnesses. Thus the court made clear that it was expected that witnesses would be offered for examination and cross examination.

However, when the last of the 158 documents was offered, the plaintiff indicated that he had concluded by stating, "Well, your honor, I believe that concludes the presentation, then." While it is true that the judge did not explicitly ask whether the plaintiff had any witnesses or oral testimony to offer, he made specific inquiry as to whether the plaintiff had finished his case. To the inquiry posed by defendant's counsel, "Does Mr. Reiser rest at this point, then?" the judge posed the same, but now official, question, "Is that all of your case that you are going to present?" The only response by the plaintiff was that he had not yet presented the patent itself and that "It appears that it would be presented." To this the court responded, "All right. You will offer the patent itself in evidence and close?" To that the plaintiff responded categorically, "Yes."

Counsel now insists that this layman did not know what was meant by the lawyer phrase "to close" and that it was natural for him to conclude that "presentation" referred merely to the presenting, i. e., the formal offering, of documents in evidence. If that is what the plaintiff thought, as distinguished from what his lawyer now thinks he thought or might have thought, the record does not disclose it. Neither then nor later in the formal points to be asserted on appeal (F.R.Civ.P. 75(d), 28 U.S.C.A., or in the briefs or arguments before us, does the plaintiff, himself or through counsel, state that he either had, or intended to get—or could even now obtain—a single witness to testify to a single fact had the judge but given him the opportunity. Nor, for that matter, was there even any post-judgment motion to reopen the case to receive specified available evidence sufficient to make out a probable case.

We cannot hold that this careful and earnest trial judge was in error in not keeping open the trial for the receipt of evidence not then either offered, known or ascertainable.

Affirmed.